IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE W. WAKEFIELD and HAROLD I. WAKEFIELD, husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>JOY MINING MACHINERY COMPANY, a division of Harnischfeger Industries, and LARRY MEADE,<br><br>Defendants. | Civ. No. 05-79 Erie |

### Memorandum Opinion

Plaintiffs Valerie W. Wakefield and Harold I. Wakefield originally brought this civil rights job discrimination action against their employer, Joy Mining Machinery Company, and Larry Meade, an employee of Joy, in the Court of Common Pleas of Venango County. Defendants removed the action to federal court on March 10, 2005. Presently before the Court are Defendants' motion to dismiss portions of Plaintiffs' Complaint.

I. Background

The relevant background necessary for the instant motion is as follows. Plaintiff Harold Wakefield began working for Defendant Joy approximately 29 years ago as a welder. Plaintiff Valerie Wakefield has been working for Joy as a cleaning service person since August 6, 2001. Defendant Larry Meade has been employed by Joy as an Engineer for approximately 20 years.

On April 9, 2002, the eldest son of the Wakefields was killed in an automobile accident. Defendant Meade approached Ms. Wakefield shortly thereafter and explained to her

that he also lost a son in a tragic manner several years ago. Mr. Meade began to approach both Plaintiffs about the loss of their son, eventually concentrating his attention only on Ms. Wakefield. Throughout 2002 and continuing until early March 2003, Defendant Meade continually approached Ms. Wakefield to talk to her. This attention was unwanted by Ms. Wakefield. On at least one occasion he physically touched her in a sexual manner, and on other occasions tried to arrange for the two of them to be alone outside of work. He eventually showed up at Ms. Wakefield's house at a time when he knew her husband and son were not at home, at which time Ms. Wakefield told him to leave. Thereafter, Ms. Wakefield informed her husband of what was occurring, and also sought assistance through her employer in various ways. However, Mr. Meade did not cease his conduct. Eventually Ms. Wakefield had a nervous breakdown due to Meade's harassment and the failure of Joy to stop the conduct.

After her return to work from her breakdown, Meade continued to approach her at work causing her distress. Ms. Wakefield again sought to resolve the situation through her employer. Again, her employer was unable to resolve the situation and on August 19, 2003, Ms. Wakefield left work to avoid contact with Mr. Meade. She returned to work on September 8, 2003, and stopped working overtime in order to avoid Mr. Meade. Ms. Wakefield was laid off on October 27, 2003.

Plaintiffs assert five claims. Plaintiffs sue both Defendants for creating a hostile environment and for sexual harassment in violation of Title VII of the Civil Rights Act (Count VI). Plaintiffs also assert state law claims of Intentional Infliction of Emotional Distress (Count I) and Negligent Infliction of Emotional Distress (Count II) against both Defendants.

Finally, Plaintiffs assert state law claims of Negligent Retention of An Employee (Count III) and Negligence (Count V) against Defendant Joy. We note that there is no Count IV in the Complaint.

II. Standard of Review

A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of the claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir.1985). "A motion to dismiss pursuant to 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, *Ga.*, 433 U.S. 25, 27 n.2 (1977).

III. Discussion

In their Brief in Opposition Plaintiffs concede the following arguments. (1) that their claim of Intentional Infliction of Emotional Distress should be dismissed against Defendant Joy for failure to state a claim; (2) that their claim pursuant to Title VII should be dismissed to the extent that the claims are asserted against the individual Defendant Meade as individual employees are not liable under Title VII; and (3) that Harold Wakefield's claim pursuant to Title VII should be dismissed for failure to state a claim.

3

Defendant also argues that Plaintiffs' claim of Negligent Retention of an Employee asserted against Joy should be dismissed because the allegations do not give rise to a recognized claim in Pennsylvania. Plaintiffs oppose dismissal of this claim, but because we dismiss this claim as explained below we need not address this argument.

Defendants final argument is that all four of Plaintiffs' state law claims should be dismissed because they were filed beyond the statue of limitations period of two years. In response Plaintiffs' concede that their claims of Negligence, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress are barred by the statute of limitations. Plaintiffs do not state a position on whether their state law claim of Negligent Retention of an Employee is barred by the statute of limitations. We see no reason why the state law claim of Negligent Retention of an Employee is also not barred by the statute of limitations. Therefore we will dismiss this claim.

IV. Conclusion

Plaintiffs concede all but two of Defendants' arguments for dismissal. However, since all of Plaintiffs' state law claims are barred by the statute of limitations, we will grant Defendants' motion in its entirety. In addition, Defendant Meade will be dismissed as a Defendant. Thus, this action will proceed with Plaintiffs' Title VII claims asserted against Defendant Joy.

An appropriate Order follows.

March 29, 2006
Date

Maurice B. Cohill, Jr.
Senior United States District Judge