IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE W. WAKEFIELD and HAROLD I. WAKEFIELD, husband and wife, | ) CIVIL DIVISION ) ) Civil Action No. 05 CV 79 – Erie ) |
| Plaintiffs, | ) Honorable Maurice B. Cohill, Jr. ) |
| v. | ) ) |
| JOY MINING MACHINERY COMPANY, a division of Harnischfeger Industries, and LARRY MEADE, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) *Electronically Filed* |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW, comes the Defendant, Joy Mining Machinery Company (Joy Mining), by and through its counsel, Pietragallo Bosick & Gordon LLP, and files this Answer and Affirmative Defenses to the Plaintiff's Complaint, setting forth as follows:

1. The allegations contained in ¶ 1 of the Plaintiff's Complaint are denied as stated. By virtue of the District Court's Order dated March, 29, 2006, Harold I. Wakefield's claims were dismissed, in their entirety, and therefore, to the extent ¶ 1 of the Complaint purports to identify Harold I. Wakefield as a Plaintiff, those allegations are denied.

2. The allegations contained in ¶ 2 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

3. No response to the allegations contained in ¶ 3 are required insofar as any claims made in the Complaint against Lawrence Meade have been dismissed by virtue of the District Court's Order dated March 29, 2006.

4. The allegations contained in ¶ 4 of the Plaintiff's Complaint are admitted.

5. No response is required to the allegations contained in ¶ 5 of the Plaintiff's Complaint by virtue of the District Court's Order dated March 29, 2006 granting the Defendants' Motion to Dismiss.

6. The allegations contained in ¶ 6 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of further answer, it is admitted that Mr. Meade was employed by Joy Manufacturing as an Engineer.

7. The allegations contained in ¶ 7 of the Plaintiff's Complaint are admitted.

8. The allegations contained in ¶ 8 of the Plaintiff's Complaint are denied as stated.

9. The allegations contained in ¶ 9 of the Plaintiff's Complaint are denied as stated.

10. The allegations contained in ¶ 10 of the Plaintiff's Complaint are admitted in part and denied in part. It is denied that Harold Wakefield is a Plaintiff in this matter by virtue of the District Court's Order dated March 29, 2006. All other allegations contained in ¶ 10 of the Plaintiff's Complaint are admitted.

11. The allegations contained in ¶ 11 of the Plaintiff's Complaint are denied.

12. The allegations contained in ¶ 12 of the Plaintiff's Complaint are denied as stated.

13. The allegations contained in ¶ 13 of the Plaintiff's Complaint are denied.

14. The allegations contained in ¶ 14 of the Plaintiff's Complaint are denied.

15. The allegations contained in ¶ 15 of the Plaintiff's Complaint are admitted.

16. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 16 of the Plaintiff's Complaint.

17. The allegations contained in ¶ 17 of the Plaintiff's Complaint are denied.

18. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 18 of the Plaintiff's Complaint.

19. The allegations contained in ¶ 19 of the Plaintiff's Complaint are denied.

20. The allegations contained in ¶ 20 of the Plaintiff's Complaint are denied.

21. The allegations contained in ¶ 21 of the Plaintiff's Complaint are denied.

22. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 22 of the Plaintiff's Complaint.

23. The allegations contained in ¶ 23 of the Plaintiff's Complaint are denied.

24. The allegations contained in ¶ 24 of the Plaintiff's Complaint are denied.

25. The allegations contained in ¶ 25 of the Plaintiff's Complaint are denied.

26. The allegations contained in ¶ 26 of the Plaintiff's Complaint are denied.

27. The allegations contained in ¶ 27 of the Plaintiff's Complaint are denied.

28. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 28 of the Plaintiff's Complaint.

29. The allegations contained in ¶ 29 of the Plaintiff's Complaint are denied as stated.

30. The allegations contained in ¶ 30 of the Plaintiff's Complaint are denied as stated.

31. The allegations contained in ¶ 31 of the Plaintiff's Complaint are denied.

32. The allegations contained in ¶ 32 of the Plaintiff's Complaint are denied as stated.

33. The allegations contained in ¶ 33 of the Plaintiff's Complaint are denied.

34. The allegations contained in ¶ 34 of the Plaintiff's Complaint are denied.

35. The allegations contained in ¶ 35 of the Plaintiff's Complaint are denied.

36. The allegations contained in ¶ 36 of the Plaintiff's Complaint are denied.

37. The allegations contained in ¶ 37 of the Plaintiff's Complaint are denied as stated.

38. The allegations contained in ¶ 38 of the Plaintiff's Complaint are denied.

39. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 39 of the Plaintiff's Complaint.

40. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 40 of the Plaintiff's Complaint.

41. The allegations contained in ¶ 41 of the Plaintiff's Complaint are denied.

42. The allegations contained in ¶ 42 of the Plaintiff's Complaint are denied.

43. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 43 of the Plaintiff's Complaint. By way of further answer, to the extent the allegations contained in ¶ 43 of the Plaintiff's Complaint imply that Mr. Meade had ever previously engaged in harassing behavior, those allegations are specifically denied.

44. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 44 of the Plaintiff's Complaint.

45. The allegations contained in ¶ 45 of the Plaintiff's Complaint are denied as stated.

46. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 46 of the Plaintiff's Complaint. By way of further answer, to the extent the allegations contained in ¶ 46 of the Plaintiff's Complaint imply that Mr. Meade had ever engaged in harassing behavior, those allegations are specifically denied.

47. The allegations contained in ¶ 47 of the Plaintiff's Complaint are denied.

48. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 48 of the Plaintiff's Complaint. By way of further answer, to the extent the allegations contained in ¶ 48 of the Plaintiff's Complaint imply that Mr. Meade had ever engaged in harassing behavior, those allegations are specifically denied.

49. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 49 of the Plaintiff's Complaint.

50. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 50 of the Plaintiff's Complaint.

51. The allegations contained in ¶ 51 of the Plaintiff's Complaint are denied.

52. The allegations contained in ¶ 52 of the Plaintiff's Complaint are denied.

53. The allegations contained in ¶ 53 of the Plaintiff's Complaint are denied.

54. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 54 of the Plaintiff's Complaint. By way of further answer, to the extent the allegations contained in ¶ 48 of the Plaintiff's Complaint imply that Mr. Meade had ever engaged in harassing behavior, those allegations are specifically denied.

55. The allegations contained in ¶ 55 of the Plaintiff's Complaint are denied.

56. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 56 of the Plaintiff's Complaint.

57. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 57 of the Plaintiff's Complaint.

58. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 58 of the Plaintiff's Complaint.

59. The allegations contained in ¶ 59 of the Plaintiff's Complaint are denied.

60. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 60 of the Plaintiff's Complaint.

61. The allegations contained in ¶ 61 of the Plaintiff's Complaint are denied as stated.

62. The allegations contained in ¶ 62 of the Plaintiff's Complaint are denied as stated.

63. The allegations contained in ¶ 63 of the Plaintiff's Complaint are denied.

64. The allegations contained in ¶ 64 of the Plaintiff's Complaint are denied.

65. The allegations contained in ¶ 65 of the Plaintiff's Complaint are denied as stated.

66. The allegations contained in ¶ 66 of the Plaintiff's Complaint are denied as stated.

67. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 67 of the Plaintiff's Complaint. By way of further answer, to the extent the allegations contained in ¶ 67 of the Plaintiff's Complaint imply that Mr. Meade had ever engaged in harassing behavior, those allegations are specifically denied.

68. The allegations contained in ¶ 68 of the Plaintiff's Complaint are denied as stated.

69. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 69 of the Plaintiff's Complaint.

70. The allegations contained in ¶ 70 of the Plaintiff's Complaint are denied as stated.

71. The allegations contained in ¶ 71 of the Plaintiff's Complaint are denied as stated.

72.    The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 72 of the Plaintiff's Complaint.

73.    The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 73 of the Plaintiff's Complaint.

74.    The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 74 of the Plaintiff's Complaint. By way of further answer, to the extent the allegations contained in ¶ 74 of the Plaintiff's Complaint imply that Mr. Meade had ever engaged in harassing behavior, those allegations are specifically denied.

75.    The allegations contained in ¶ 75 of the Plaintiff's Complaint are admitted.

76.    The allegations contained in ¶ 76 of the Plaintiff's Complaint are denied as stated.

77.    The allegations contained in ¶ 77 of the Plaintiff's Complaint are denied as stated.

78.    The allegations contained in ¶ 78 of the Plaintiff's Complaint are denied as stated.

79.    The allegations contained in ¶ 79 of the Plaintiff's Complaint are denied as stated.

80.    The allegations contained in ¶ 80 of the Plaintiff's Complaint are admitted.

81.    The allegations contained in ¶ 81 of the Plaintiff's Complaint refer to a document which is in writing and, as such, speaks for itself.

82.    The allegations contained in ¶ 82 of the Plaintiff's Complaint are admitted.

83.    The allegations contained in ¶ 83 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of further answer, the allegations contained in ¶ 83 of the Plaintiff's Complaint are denied.

84. The allegations contained in ¶ 84 of the Plaintiff's Complaint are denied as stated.

85. The allegations contained in ¶ 85 of the Plaintiff's Complaint are denied as stated.

86. The allegations contained in ¶ 86 of the Plaintiff's Complaint are admitted.

87. The allegations contained in ¶ 87 of the Plaintiff's Complaint are admitted.

88. The allegations contained in ¶ 88 of the Plaintiff's Complaint are admitted.

89. The allegations contained in ¶ 89 of the Plaintiff's Complaint are denied as stated.

90. The allegations contained in ¶ 90 of the Plaintiff's Complaint are denied as stated.

91. The allegations contained in ¶ 91 of the Plaintiff's Complaint are denied.

92. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 92 of the Plaintiff's Complaint.

93. The allegations contained in ¶ 93 of the Plaintiff's Complaint are denied.

94. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 94 of the Plaintiff's Complaint.

95. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 95 of the Plaintiff's Complaint.

96. The allegations contained in ¶ 96 of the Plaintiff's Complaint are admitted.

97. The allegations contained in ¶ 97 of the Plaintiff's Complaint are admitted.

98. The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 98 of the Plaintiff's Complaint.

99. The allegations contained in ¶ 99 of the Plaintiff's Complaint are admitted

100.  The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 100 of the Plaintiff's Complaint.

101.  The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 101 of the Plaintiff's Complaint.

102  The Defendant lacks information and knowledge necessary to form a belief as to the truth of the matters asserted in ¶ 102 of the Plaintiff's Complaint. By way of further answer, to the extent the allegations contained in ¶ 102 of the Plaintiff's Complaint imply that Mr. Meade had ever engaged in harassing behavior, those allegations are specifically denied.

103.  The allegations contained in ¶ 103 of the Plaintiff's Complaint are denied.

104.  The allegations contained in ¶ 104 of the Plaintiff's Complaint are denied.

105.  The allegations contained in ¶ 105 of the Plaintiff's Complaint are denied.

106.  The allegations contained in ¶ 106 of the Plaintiff's Complaint are denied.

107.  The allegations contained in ¶ 107 of the Plaintiff's Complaint are denied.

108.  The allegations contained in ¶ 108 of the Plaintiff's Complaint are denied.

### COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

109.  Paragraphs 1 through 108 of the Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

110.  No responsive pleading is required to the allegations contained in ¶ 110 of the Plaintiff's Complaint insofar as the District Court's Order dated March 29, 2006 has dismissed this claim.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

111. Paragraphs 1 through 110 of the Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

112. No responsive pleading is required to the allegations contained in ¶ 112 of the Plaintiff's Complaint insofar as the District Court's Order dated March 29, 2006 has dismissed this claim.

## COUNT III – NEGLIGENT RETENTION OF AN EMPLOYEE

113. Paragraphs 1 through 112 of the Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

114.-115. No responsive pleading is required to the allegations contained in ¶¶ 114-115 of the Plaintiff's Complaint insofar as the District Court's Order dated March 29, 2006 has dismissed this claim.

## COUNT V – NEGLIGENCE

116. Paragraphs 1 through 115 of the Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

117.-120. No responsive pleading is required to the allegations contained in ¶¶ 117-120 of the Plaintiff's Complaint insofar as the District Court's Order dated March 29, 2006 has dismissed this claim.

## COUNT VI – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, 42 U.S.C. §§ 2000e-2000e-17

121. Paragraphs 1 through 120 of the Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

122. The allegations contained in ¶ 122 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of further answer, no response is required on behalf of the Defendant, Larry Meade, insofar as by virtue of the District Court's Order dated March 29, 2006, Mr. Meade has been dismissed as a Defendant from this claim.

123. The allegations contained in ¶ 123 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of further answer, the allegations contained in ¶ 123 of the Plaintiff's Complaint are denied.

124. The allegations contained in ¶ 124 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of further answer, the allegations contained in ¶ 124 of the Plaintiff's Complaint are denied.

125. The allegations contained in ¶ 125 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of further answer, the allegations contained in ¶ 125 of the Plaintiff's Complaint are denied.

The allegations contained in the "Wherefore" clause immediately following numbered paragraph 125 of the Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of further response, the Plaintiff, Valerie Wakefield, is not entitled to the damages sought. By way of further response, the Defendant respectfully requests that this Honorable Court dismiss the Complaint and enter judgment in favor of the Defendant and award all costs of suit and attorney's fees.

JURY TRIAL DEMANDED

### SECOND AFFIRMATIVE DEFENSE

126. The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

127. This Honorable Court lacks subject matter jurisdiction over the facts alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

128. Any damages suffered by the Plaintiff are not related to any conduct alleged to have occurred relating to Mr. Meade and/or Joy Mining.

### FIFTH AFFIRMATIVE DEFENSE

129. The Plaintiff has failed, in whole or in part, to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

130. The Complaint fails to state a claim upon which compensatory damages, punitive damages, or attorney's fees and costs can be awarded.

### SEVENTH AFFIRMATIVE DEFENSE

131. The claims made are barred, in whole or in part, by the exclusive remedy provisions of the Pennsylvania Workers' Compensation Act.

### EIGHTH AFFIRMATIVE DEFENSE

132. The claims made are barred, in whole or in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

133. The Plaintiff is precluded from seeking relief insofar as she failed, in whole or in part, to timely, properly and fully report any actions which she alleges constitute the alleged sexual harassment to which she suggests she was subjected.

**TENTH AFFIRMATIVE DEFENSE**

134. The Plaintiff is precluded from seeking relief because she failed, in whole or in part, to avail herself of the remedies provided by the Defendant relative to the alleged sexual harassment to which she suggests she was subjected.

**ELEVENTH AFFIRMATIVE DEFENSE**

135. The Plaintiff is precluded from seeking relief insofar as she has suffered no tangible employment action.

**TWELFTH AFFIRMATIVE DEFENSE**

136. The Plaintiff is precluded from seeking relief because, at all times, the Defendant, Joy Mining, acted reasonably and responsibly with regard to the Plaintiff's complaints of sexual harassment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

137. Plaintiff is precluded from seeking relief because, at all times, Joy Mining took corrective action reasonably calculated to end the alleged harassment by a co-worker.

**FOURTEENTH AFFIRMATIVE DEFENSE**

138. Plaintiff is precluded from seeking relief because, at all times, Joy Mining took corrective action which, in fact, ended the conduct which the Plaintiff alleged was harassing.

### FIFTEENTH AFFIRMATIVE DEFENSE

139. The Plaintiff is precluded from seeking relief because, following the complaints made by the Plaintiff, Mr. Meade did not engage in any conduct which, as a matter of law, could rise to the level necessary to constitute sexually harassing behavior, or behavior which would create a sexually hostile work environment.

### SIXTEENTH AFFIRMATIVE DEFENSE

140. Plaintiff is precluded from seeking relief because Joy Mining's actions taken in response to the Plaintiff's complaints does not constitute an indifference or unreasonableness to the complaints in light of the facts that Joy knew, or should have known.

### SEVENTEENTH AFFIRMATIVE DEFENSE

141. Plaintiff is precluded from seeking relief because Joy Mining fully and completely investigated the complaints and, in good faith, took prompt, appropriate remedial and effective action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

142. Plaintiff is precluded from seeking relief because, at no time, was she subjected to unwelcome sexual harassment.

### NINETEENTH AFFIRMATIVE DEFENSE

143. Plaintiff is precluded from seeking relief because, at no time, was she subjected to conduct which was severe or pervasive so as to give rise to the existence of a sexually hostile work environment.

### TWENTIETH AFFIRMATIVE DEFENSE

144. Plaintiff is precluded from seeking relief because any alleged harassment did not unreasonably interfere with the performance of her work.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

145. Plaintiff is precluded from seeking relief because Joy Mining neither knew nor should have known of the alleged sexual harassment at any time prior to the complaint having been made by the Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

146. Defendant reserves the right to amend its Answer to assert additional Affirmative Defenses based on the information obtained during pre-trial discovery in this action.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor dismissing Plaintiff's Complaint with prejudice, awarding to

Defendant its costs incurred herein together with reasonable attorney's fees and that Defendant be granted all other relief to which it may be entitled.

                                             Respectfully submitted,

**JURY TRIAL DEMANDED**       **/s/ Pamela G. Cochenour, Esquire**
                                            PAMELA G. COCHENOUR, ESQUIRE
                                            Pa. I.D. #47761
                                            ERIC P. REIF, ESQUIRE
                                            Pa. I.D. #00194

                                            PIETRAGALLO, BOSICK & GORDON
                                            Firm #834
                                            One Oxford Centre
                                            The Thirty-Eighth Floor
                                            Pittsburgh, PA  15219

                                            (412) 263-2000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was served this **12th** day of April, 2006, by U.S. First-Class Mail, postage prepaid, to the following:

>Alexander H. Lindsay, Jr., Esquire
>The Lindsay Law Firm, P.C.
>128 South Main Street
>Butler, PA 16001

>*/s/ Pamela G. Cochenour, Esquire*
>PAMELA G. COCHENOUR, ESQUIRE
>Pa. I.D. #47761
>PIETRAGALLO, BOSICK & GORDON
>Firm #834
>One Oxford Centre
>The Thirty-Eighth Floor
>Pittsburgh, PA 15219
>
>(412) 263-2000