IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE W. WAKEFIELD and HAROLD I. WAKEFIELD, husband and wife, | ) CIVIL DIVISION ) ) Civil Action No. 05 CV 79 – Erie ) |
| Plaintiffs, | ) Honorable Maurice B. Cohill, Jr. ) |
| v. | ) ) |
| JOY MINING MACHINERY COMPANY, a division of Harnischfeger Industries, and LARRY MEADE, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) *Electronically Filed* |

## FED.R.CIV.P. 26(f) REPORT OF THE PARTIES

1. Identification of Counsel:

   Edie Sutton, Esquire – For Plaintiff
   Sutton Legal Services
   11 Sunset Court
   Cranberry Township, PA  16066

   (724) 234-2628 (Fax)

   Alexander H. Lindsay, Jr., Esquire – For Plaintiff
   The Lindsay Law Firm, P.C.
   128 South Main Street
   Butler, PA  16001

   (724) 282-6600
   (724) 282-2672 (Fax)

   Pamela G. Cochenour, Esquire – For Defendant
   Eric P. Reif, Esquire
   Pietragallo, Bosick & Gordon LLP
   38th Floor, One Oxford Centre
   Pittsburgh, PA  15219

(412) 263-2000
(412) 261-5295 (Fax)
pgc@pbandg.com

Lisa A. Borrelli, Esquire
Joy Mining Machinery
In-house Counsel

2. General nature of the Case:

Title VII of the Civil Rights Act of 1964 based on allegations of a sexually hostile work environment.

3. The Rule 26 Conference was held before April 25, 2006: The parties were represented by: Edie Sutton for Plaintiff; and for the Defendant: Pamela G. Cochenour.

4. Date of Rule 16 Initial Scheduling Conference as scheduled by the Court: May 11, 2006.

5. Defendant intends to file a dispositive motion pursuant to Rule 12 depending on the content of discovery.

6. (To be determined.)

7. No changes to the Rule 26(a) disclosure are anticipated.

8. Subjects on which fact discovery may be needed:

By Plaintiff: To be addressed by Plaintiff's counsel.

By Defendant:

- Factual basis for Plaintiff's claim, but not limited to, the evidence of the alleged harassing behavior and the Plaintiff's damages.

- Other relevant matters, including, but not limited to, discovery of plaintiff's medical history, and her efforts to mitigate her alleged damages.

9. Suggested dates:

    a.    Date(s) on which disclosures required by Fed.R.Civ.P. 26 have been or will be made: - May 21, 2006.

    b.    Date by which any additional parties shall be joined: <u>June 12, 2006</u>

    c.    Date by which the pleadings shall be amended: <u>June 12, 2006</u>

    d.    Date by which fact discovery should be completed: <u>September 8, 2006.</u>

    e.    If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phrases or issues and the dates by which discovery as to each phase or issue should be completed: N/A

    f.    Date by which plaintiff's expert reports should be filed: <u>September 18, 2006</u>

    g.    Date by which depositions of plaintiff's expert(s) should be completed: <u>October 20, 2006</u>.

    h.    Date by which defendant's expert reports should be filed: <u>October 24, 2006</u>.

    i.    Date by which depositions of defendant's expert(s) should be completed: <u>November 24, 2006.</u>

    j.    Date by which third party expert's reports should be filed: N/A

    k.    Date by which depositions of third party's expert(s) should be completed: N/A

10.    Limitations on discovery: To the extent that confidential and proprietary company and employee information is disclosed, the parties will first execute and enter with the Court an appropriate confidentiality stipulation and order. Otherwise, there are no expected limitations on discovery other than those set forth in the Federal and Local Rules of Civil Procedure.

11.    Need for special deadlines: None expected.

12.    The parties have not elected to schedule the Post-Discovery Status Conference.

13.    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed.R.Civ.P. 16(b) or 26(c):

The parties propose that plaintiff's deposition shall be conducted before any other depositions in this case. Plaintiff will execute appropriate authorizations for the

release of her medical, employment and unemployment benefits records and information. Otherwise, no other agreed orders are expected.

  14. Appointment of a special master:   Not expected.

  15. N/A

  16. Possibility of settlement:

  The parties were not successful at mediating this claim before the EEOC. Upon the completion of discovery, Defendant may consider mediation of Plaintiff's claim.

         Respectfully submitted,

| | |
|---|---|
| /S/ Edie Sutton | /S/ Pamela G. Cochenour |
| EDIE SUTTON, ESQUIRE | PAMELA G. COCHENOUR, ESQUIRE |
| *(Consented to by e-mail of May 2, 2006)* | Pa. I.D. #47761 |
| SUTTON LEGAL SERVICES | ERIC P. REIF, Esquire |
| 11 Sunset Court | Pa. I.D. #00194 |
| Cranberry Township, PA 16066 | PIETRAGALLO, BOSICK & GORDON LLP |
| | Firm #834 |
| | One Oxford Centre |
| | The Thirty-Eighth Floor |
| | Pittsburgh, PA 15219 |

Alexander H. Lindsay, Jr., Esquire (412) 263-2000
THE LINDSAY LAW FIRM, P.C.
128 South Main Street
Butler, PA 16001

(724) 282-6600


Dated:  May 3, 2006