IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE W. WAKEFIELD, | ) CIVIL DIVISION |
| Plaintiff, | ) Civil Action No. 05 CV 79 – Erie |
| v. | ) Honorable Maurice B. Cohill, Jr. |
| JOY MINING MACHINERY COMPANY, a division of Harnischfeger Industries, | ) JURY TRIAL DEMANDED |
| | ) *Electronically Filed* |
| Defendant. | |

## MOTION FOR SUMMARY JUDGMENT

AND NOW, comes Defendant, Joy Mining Machinery ("Joy"), by and through its counsel, Pietragallo Bosick & Gordon LLP, and files this Motion for Summary Judgment as to Plaintiff Valerie Wakefield's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 56(b), setting forth as follows:

### FACTS AND CLAIMS MADE

1. Joy incorporates herein in full its Concise Statement of Material Facts Filed in Support of Motion for Summary Judgment, which was filed herewith.

2. Joy files the within Motion for Summary Judgment based on the theories set forth below.

3. Joy is entitled to summary judgment insofar as the pleadings, depositions and answers to interrogatories demonstrate that there is no genuine issue as to any material fact and that Joy is entitled to judgment as a matter of law.

4. Plaintiff filed a Complaint in state court, which has since been removed to this Court, alleging sexual harassment pursuant to Title VII of the Civil Rights Act of 1964 (See Complaint and Notice of Removal).[1]

5. The fundamental basis of Plaintiff's Complaint is her allegation that she was sexually harassed by her co-worker[2], Mr. Meade, resulting in emotional distress (See Complaint).[3]

### Plaintiff's Co-Worker Harassment Prima Facie Case

6. Since Plaintiff alleges that she was subjected to sexual harassment by a co-worker, a different standard applies than in cases involving alleged harassment by a supervisor.

---

[1] The Complaint originally included Plaintiff's husband as a plaintiff and Mr. Meade as a defendant and also included several state law claims in addition to the federal Title VII claim. On March 29, 2006, the Court granted Joy and Mr. Meade's Motion to Dismiss, which resulted in dismissal of Plaintiff's husband, Mr. Meade and all of Plaintiff's state law claims from the action, leaving only the Title VII claim between Plaintiff and Joy (See March 29, 2006 Opinion and Order at Tab "16" of the Appendix filed herewith).

[2] In questioning Mr. Meade, Plaintiff's counsel did not establish that Mr. Meade has any supervisory duties at Joy (Meade Deposition at p.70:l.1-14).

[3] Plaintiff is still employed at Joy (Plaintiff Deposition at p.15:l.13-19).

7. Plaintiff has the burden of proof to establish the following in order to make out a cognizable claim of co-worker harassment under Title VII, which includes an additional element of the existence of employer liability:

- that she suffered intentional discrimination because of her sex;
- that the discrimination was pervasive or regular;
- that the discrimination detrimentally affected her;
- that the discrimination would detrimentally affect a reasonable person of the same sex in the same position; and
- the existence of *respondiat superior* liability.

See Richards v. City of Wilmington, 2004 U.S. Dist. LEXIS 4987, *11-12 (D. Del. Mar. 24, 2004) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990); see also Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001)).

8. Thus, Plaintiff is required to prove a factual basis for imputing liability to Joy, her employer, and employer liability is an element of Plaintiff's *prima facie* case. See Porchia v. Cohen, 1999 U.S. Dist. LEXIS 8239 (E.D. Pa. June 4, 1999) (plaintiff must prove basis for vicarious liability).

### Joy Cannot Be Held Liable as a Matter of Law Under Title VII For Alleged Sexual Harassment by Mr. Meade, a Co-Worker, Since the Record Contains No Evidence to Support Employer Liability

### Joy Did Not Know, Nor Should It Have Known, of the Alleged Unwelcome Conduct

9. Since this case involves the alleged harassment of a co-worker, Joy may only be held liable under Title VII if Plaintiff is able to prove that Joy knew or should have known of the harassment but failed to take prompt and appropriate remedial action. Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999).

10. As set forth more fully in the Brief in Support filed herewith, the evidence of record demonstrates that Joy neither knew nor should it have known about any of the alleged incidents of claimed unwelcome conduct by Mr. Meade until Plaintiff reported such alleged conduct to Joy.

### Joy Took Prompt and Effective Remedial Action

11. In addition, the record reveals that, once Plaintiff decided to reveal her allegations of unwelcome conduct to Joy, Joy took prompt and appropriate remedial action, such that any alleged harassment ceased. See Dunlap v. Boeing Helicopter Division, Product Support Department, 2005 U.S. Dist. LEXIS 2781, * 21 (E.D. Pa. Feb. 23, 2005) (the "case law is clear" that " 'when an employer's response stops harassment, there cannot be Title VII liability' ") (quoting Kunin, 175 F.3d at 294).

12. Therefore, as discussed more fully in the Brief in Support filed herewith, the record demonstrates that Plaintiff is unable to prove elements essential to her *prima facie* case of co-worker sexual harassment and, as a result, Joy is entitled to an entry of summary judgment as a matter of law in its favor.

WHEREFORE, Defendant Joy Mining Machinery respectfully requests that this Honorable Court grant its Motion for Summary Judgment insofar as Plaintiff is unable to establish the existence of an essential element of her claim: employer liability on the part of Joy.

### Even If Plaintiff Were Able to Prove the Employer Liability Element of Her *Prima Facie* Case, Plaintiff Cannot Prove Another Element Thereof, Since the Conduct Alleged was Neither Severe Nor Pervasive Enough to Constitute Sexual Harassment

13. Plaintiff and Mr. Meade shared a common life experience: the tragic and untimely death of a son.

14. As set forth more fully in the Brief in Support filed herewith, the evidence of record, including Plaintiff's own testimony, demonstrates that Mr. Meade and Plaintiff shared a consensual and comforting relationship following the death of Plaintiff's stepson.

15. Plaintiff alleges that, despite that relationship, Mr. Meade engaged in the following conduct toward her, which she contends constituted sexual harassment, including:

- In June 2002, his hand touched the top of her butt once while they were engaging in a consensual hug (Plaintiff Deposition at p.114:l.19-21, p.115:l.6-9, 24-p.116:l.16, p.165:l.24-p.166:l.15, 20-22; p.192:l.9-14; See Narrative at p.1; Journal at p.13);

- In June 2002, he attempted to kiss her once while they were engaging in a consensual hug (Plaintiff Deposition at p.120:l.17-22, p. 123:l.4-6, p.165:l.4-11; See Narrative at p.1);

- In August 2002, Mr. Meade asked her personal questions, such as what kind of underwear she had on once or twice, told her how pretty she looked and that she could be working somewhere more glamorous than Joy and that she would look good in a bikini (Plaintiff Deposition at p.92:l.5-19, p.93:l.22-25); and

- The first Sunday of March 2003, he came to her home once knowing her husband and son were not there, professed his love for her and stated that he wanted to marry her and asked her to have sex with him (Plaintiff Deposition at p.132:l.7, p.133:l.18-p.134:l.20, p.136:l.7-12).[4]

16. As more fully discussed in the Brief in Support, even if such conduct occurred and taking Plaintiff's allegations as true, such conduct is not sufficiently severe or pervasive enough to constitute sexual harassment. See, e.g., Aulds v. Bancroft Bag, Inc., 2006 U.S. Dist. LEXIS 27515, ** 2, 11-12 (W.D. La. May 3, 2006) (granting employer's motion for summary judgment where plaintiff's co-worker asked her to have sex with him

---

[4] During this alleged incident, which took place in five to ten minutes, Plaintiff alleges that Mr. Meade was standing inside her house in the foyer near the doorway and that she was further into the house into the dining room area approximately 13 feet apart (Plaintiff Deposition at p.138:l.1-8, p.139:l.8-18, 24-25, p.140:l.3-6). She also agrees that Mr. Meade did not touch her at any time during this alleged incident (Plaintiff Deposition at p.140:l.1-2).

2-6 times, sent her 2 text messages with naked silhouettes of women on her cell phone, asked her to get "high" with him after work and followed her part of the way home once) (collecting cases) (citations omitted).

17. Since such conduct does not rise to the level of actionable sexual harassment under Title VII, Plaintiff cannot prove an element of her *prima facie* case and, Joy, therefore, is entitled to judgment as a matter of law.

WHEREFORE, Defendant Joy Mining Machinery respectfully requests that this Honorable Court grant its Motion for Summary Judgment insofar as Plaintiff is unable to establish the existence of an essential element of her claim: that the alleged harassment created a hostile working environment

Respectfully submitted,

*/s/ Pamela G. Cochenour, Esquire*
PAMELA G. COCHENOUR, ESQUIRE
Pa. I.D. #47761
ERIC P. REIF, ESQUIRE
Pa. I.D. #00194
PIETRAGALLO BOSICK & GORDON LLP
Firm #834
One Oxford Centre
The Thirty-Eighth Floor
Pittsburgh, PA  15219

(412) 263-2000

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT** will be forwarded via the ECF system to counsel of record listed below this **13th** day of **December, 2006**:

Alexander H. Lindsay, Jr., Esquire<br>
The Lindsay Law Firm, P.C.<br>
128 South Main Street<br>
Butler, PA  16001

*/s/ Pamela G. Cochenour, Esquire*
PAMELA G. COCHENOUR, ESQUIRE
Pa. I.D. #47761
PIETRAGALLO BOSICK & GORDON LLP
Firm #834
One Oxford Centre
The Thirty-Eighth Floor
Pittsburgh, PA  15219

(412) 263-2000