IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE W. WAKEFIELD and HAROLD I. WAKEFIELD, husband and Wife, | : : : : | CIVIL DIVISION<br><br>Civil Action No. 05 CV 79 - Erie |
| Plaintiffs, | : : | Honorable Maurice B. Cohill, Jr. |
| v. | : : | JURY TRIAL DEMANDED |
| JOY MINING MACHINERY COMPANY, a division of Harnischfeger Industries, and LARRY MEADE, | : : : : : | |
| Defendants. | : | |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND CASE MANAGEMENT ORDER

AND NOW, come the Plaintiffs, Valerie W. Wakefield and Harold I. Wakefield, by and through their attorneys, THE LINDSAY LAW FIRM, P.C. and Alexander H. Lindsay, Jr., Esquire and files the following Response in Opposition to Defendant's Motion to Amend Case Management Order:

1.  On October 12, 2006, the Court entered an Amended Case Management Order, which stated that Plaintiffs' Rule 26(a)(2) expert disclosures are due no later than November 27, 2006; Plaintiff's expert reports shall be filed by November 27, 2006; Expert depositions of Plaintiff's expert shall be completed by December 29, 2006.

2.  Furthermore, the Amended Case Management Order indicated that "No further extensions for discovery will be granted."

3.  The Plaintiffs timely filed their expert reports.

4.  As such, the Defendants had until December 29, 2006, over a month, to conduct depositions of the Plaintiff's experts.

5. Defense counsel did not contact Plaintiff's counsel with regard to deposing the Plaintiff's experts until December 19, 2006.

6. On December 19, 2006, ten (10) days before the deadline to depose the Plaintiff's experts, Defense counsel sent a letter to Plaintiff's counsel requesting dates upon which the Plaintiff's experts, Susan Stewart, a witness who had already been deposed, and Stephen Millwee, would be available for depositions.

7. Plaintiff's counsel called Defense counsel on or about December 19, 2006 in order to set up dates for the depositions and indicated to her that he was available in late December to conduct the depositions requested by the Defendants.

8. Defense counsel did not return the telephone call.

9. The next day, December 21, 2006, Defense counsel filed a Motion to Amend the Case Management Order indicating that the depositions of these experts were not able to be scheduled due to the Holidays.

10. Plaintiff's counsel again called Defense counsel and indicated that he was available in the last week of December to conduct the requested depositions.

11. Again, Defense counsel failed to return the telephone call.

12. As a professional courtesy, Plaintiff's counsel did not oppose Defense counsel's Motion even though he felt that the depositions could be conducted within the relative time frame.

13. On December 28, 2006 the Court granted Defense counsel's Motion to Amend the Case Management Order, which requested that the Court set January 19, 2007 as the date by which to schedule and complete the depositions of the Plaintiffs' experts and for the Defendant to file expert reports.

14. Plaintiff's counsel did not hear from Defense counsel with regard to scheduling the depositions of the Plaintiff's experts until January 9, 2007, once again, ten (10) days before the scheduled deadline to conduct such depositions.

15. Plaintiff's counsel sent correspondence to Defense counsel on January 10, 2007 indicating that he was unavailable on certain dates, but would try and accommodate defense counsel's request as best as possible. (See January 10, 2007 Letter, attached hereto as Exhibit "A").

16. Plaintiff's counsel indicated that he would inquire as to the availability of both of the Plaintiff's expert witnesses for depositions during the week of January 15, 2007.

17. Plaintiff's counsel indicated that Plaintiff's expert Stephen Millwee was unavailable the week of January 15, 2007 to be deposed.

18. Plaintiff's counsel indicated that he would make an attempt to schedule Plaintiff's expert Susan Stewart's deposition on the morning of January 15, 2007, even though defense counsel had already taken Ms. Stewart's deposition previously.

19. On the morning of January 15, 2007, Plaintiff's counsel made available the Plaintiff's expert, Susan Stewart, for her deposition.

20. On January 15, 2007, Defense counsel filed a Motion to Amend Case Management Order.

21. Defense counsel avers no facts or circumstances that would support a decision to extend discovery again.

22. Defense counsel states in her Motion to Amend Case Management Order that Plaintiff's counsel, by letter dated January 10, 2007 has informed Defense counsel "that Plaintiff's counsel will not be available during the week of January 15, 2007 due to

numerous commitments in other cases"; and "that Mr. Millwee is not available during the weeks of January 15th or January 22nd due to the fact that he will be in trial."

23.     Defense counsel then requests that the Court amend the Case Management Order to allow the scheduling of the Plaintiff's expert, Steven Millwee, as soon as practicable after he becomes available, but not later than February 9, 2007.

24.     It is true that Plaintiff's counsel was scheduled for trial on January 16, and 17, 2007 and had previously scheduled depositions on January 18 and 19, 2007 and that Stephen Millwee was unavailable during the week of January 15, 2007.

25.     However, Plaintiff's counsel still arranged for and attended the deposition of Susan Stewart for January 15, 2007 and attempted, to no avail, to schedule the deposition of Stephen Millwee during the last week of December 2006.

26.     As such, Plaintiff's counsel is opposed to any extension of the Case Management Order.

27.     Defense counsel has not attempted to schedule with Plaintiff's counsel a date for which to take the deposition of the Plaintiff's expert, Stephen Millwee, nor does she indicated in her motion to the Court a date for which to take such deposition.

28.     As such, Defense counsel has made no attempt to timely schedule the depositions of the Plaintiff's experts in this matter.

29.     On each occasion that Defense counsel has had the Case Management Order Amended, she has inordinately delayed in attempting to schedule the depositions and has failed to return Plaintiff's counsel's telephone call and correspondence.

30. Furthermore, Defense counsel has made no provisions or arrangements with regard to paying the Plaintiff's experts in this case a reasonable fee for time spent responding to discovery and the depositions.

31. Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure indicate that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision."

32. The instant case was filed in March of 2005 and is an old case.

33. The Defendants have had ample time to complete discovery in this case and have twice failed to do so within the amended timeframes imposed by the Court.

34. The Court indicated in its Amended Case Management Order of October 12, 2006 that no further extensions for discovery will be granted.

35. The inability of Defense counsel to complete the depositions of the Plaintiff's experts is in no part due to the actions of the Plaintiff or Plaintiff's counsel.

36. The delays in discovery by the Defendants have resulted in their avoidance of filing their expert reports in this case and has, thus, impeded the opportunity for settlement of this matter.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an ORDER denying the Defendant's Motion to Amend Case Management Order.

Respectfully submitted:

THE LINDSAY LAW FIRM, P.C.

s/ *Alexander H. Lindsay, Jr.*
Attorney for Plaintiffs