THE LINDSAY LAW FIRM
128 SOUTH MAIN STREET, BUTLER, PENNSYLVANIA 16001

ALEXANDER H. LINDSAY, JR.
JOSEPH V. CHARLTON

PHONE: 724/282-6600
FAX:   724/282-2672

OF COUNSEL
JOHN J. VIERTHALER

January 10, 2007

Pamela G. Cochenour, Esquire
PIETRAGALLO BOSICK & GORDON
Attorneys at Law
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219

BY FACSIMILE (412)-261-5295

RE:  Valerie W. Wakefield and Harold I. Wakefield v. Joy Mining Machinery Company
Western District Docket No. 05-79 Erie

Dear Ms. Cochenour:

I received your letter dated January 9, 2007 yesterday afternoon. In your letter you state that you wished to take the depositions of Susan Stewart and Stephen Millwee and it was your intention to take these depositions next week, which is the week of January 15, 2007.

At the outset, I am not available next week for these depositions. I am defense counsel in the case of *Commonwealth v. Latkovic*. Jury selection in that case took place on January 8, 2007. The trial of that case has been set to commence at 9:30 on January 16 and it is anticipated the trial will continue into the following day. On January 18, 2007 I am scheduled to participate in a deposition in the case of *Kerr, et al. v. Ejub Grcic, E.H. Transport, DaimlerChrysler Corporation and the Pennsylvania Department of Transportation*. There are at least six attorneys involved in this deposition and it cannot be rescheduled. On January 19, 2007 I am involved in another deposition in that case. This deposition will be taken at SCI Somerset. This deposition involved not only scheduling the lawyers but also an interpreter. Furthermore, it was also scheduled weeks ahead to conform with the requirements of the prison. Therefore, this deposition cannot be moved.

Conceivably, I could be available for a deposition on the morning of January 15. As this is the day before the trial in the *Latkovic* case, it would have to be with the

understanding the deposition be concluded by the end of the morning as suggested by your letter.

This brings me to the next problem which is the availability of the witnesses. I have contacted Stephen Millwee. He is unavailable both the week of January 15 and the week of January 22 as he will be in trial. I have attempted to reach Susan Stewart and at the time of the writing of this letter, I have not heard about her availability.

On December 19, 2006 I received a letter from you wherein you indicated you wished me to contact your office to provide you with dates on which Susan Stewart and Stephen Millwee might be available for depositions. I did call you office and did not receive a return call.

On December 21, 2006 you filed a Motion to Amend the Case Management Order indicating that the depositions of these experts were not able to be scheduled due to the Holidays. When I received your motion I called your office and indicated that, in fact, for the remainder of the year 2006 my calendar was relatively open and that we could probably schedule these depositions for the last week of December, if the witnesses were available. It is my recollection, although I could be mistaken, I also indicated to you in the telephone call that scheduling these in January would be a much more difficult matter particularly in light of my trial schedule. I did not receive any response to this telephone call.

I did not oppose your motion, as a professional courtesy, even though I felt the depositions could be conducted within the relative time frame. As you know, the court granted your motion giving you until January 19 to conclude these depositions.

As previously stated I did not hear from you until yesterday afternoon. You have inquired whether or not I would accept service of the subpoenas. If we can schedule a time for the depositions I hardly think a subpoena is necessary. The problem is your delay in scheduling these depositions. Furthermore, you have given me no indication what your intentions are with regard to the expert witness fees that these witness will require and their travel expenses, particularly in light of the fact that Mr. Millwee is located in Florida.

I also should state that I think it is somewhat unusual that you would want to take Susan Stewart's deposition in light of the fact that you have already taken her deposition. As you well know from reading her expert report, the report merely summarizes the testimony she gave in the deposition.

Having stated all of this, when I hear from Susan Stewart I will contact you. If she can appear on Monday morning, which may or may not conform to her schedule I will contact you. Concerning Mr. Millwee and my availability for the rest of the week, I cannot accommodate you.

It is anticipated that you will move for another extension of time to do these depositions. While I always try to accommodate the legitimate needs of counsel, I may be constrained to oppose your motion. This is due to the inordinate delay in scheduling these

depositions, the age of the case and my concern over whether there is any legitimate need for these depositions in the first place.

    As I stated, when I hear from Susan Stewart I will contact you.

Very Truly Yours,

THE LINDSAY LAW FIRM, P.C.

Alexander H. Lindsay, Jr.

AHL:ms