IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE W. WAKEFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-79 Erie |
| ) | |
| JOY MINING MACHINERY ) | |
| COMPANY, a division of Harnischfeger ) | |
| Industries, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the Court is Defendant's Motion to Amend Case Management Order, in which Defendant seeks to extend discovery to permit deposition of one of Plaintiff's experts and to continue the post-discovery status conference set for January 23, 2007. Plaintiff has filed a Response opposing the Motion. For the reasons that follow we will grant in part and deny in part Defendant's motion.

### Procedural History

An Initial Case Management Order was entered on May 11, 2006, indicating that fact discovery was to close on or before September 8, 2006, with expert discovery to close on or before November 24, 2006.

On August 28, 2006, Defendant filed a Motion to Extend Discovery Deadline. The Motion was granted and fact discovery was extended to October 10, 2006, with expert discovery extended to December 26, 2006.

On October 5, 2006, Defendant filed a Consent Motion for Leave to Take Deposition Outside the Discovery Period, seeking permission to take one deposition beyond the discovery deadline. Plaintiff consented to this motion. On October 6, 2006, Plaintiff filed a Motion for Extension of Discovery Deadlines and/or modification of Scheduling Orders, seeking to extend fact and expert discovery to take 5 depositions of named individuals. Plaintiff indicated that Defendant consented to the motion. However, on October 10, 2006, Defendant filed a

Response to Plaintiff's motion indicating that the Defendant did indeed consent to the substance of the motion, but nonetheless felt it necessary to point out minor and inconsequential representations set forth in Plaintiff's motion to which Defendant did not consent.

On October 12, 2006, the Court granted the above motions to the extent they were consistent with the Amended Case Management Order entered at the same time. Thus, fact discovery was extended to November 13, 2006, with expert discovery extended to January 29, 2007. Paragraph 7 of the Amended Case Management Order stated "No further extensions for discovery will be granted." In addition, a Post-Discovery Status Conference was set for February 8, 2007.

On December 13, 2006, Defendants prematurely filed a Motion for Summary Judgment, Brief in Support, Statement of Facts, and Appendix. On December 20, 2006, the Court entered an Order rescheduling the post-discovery Scheduling Conference to January 23, 2007, in order to coincide with the Court's Erie Trial Term.

On December 21, 2006, Defendant filed a Motion to Amend Case Management Order seeking to extend the time to depose Plaintiff's expert and to file Defendant's expert report. The Court granted this motion, thus expert depositions of Plaintiff's experts were to be completed no later than January 19, 2007, and Defendant's expert report was due no later than January 19, 2007. On January 15, 2007, Defendant filed the present Motion to Amend Case Management Order.

### Extension of Time to Depose Plaintiff's Expert

Plaintiff opposes granting an extension to depose Plaintiff's expert. Plaintiff notes that the Court's October 12, 2006 Amended Case Management Order stated that no further extensions for discovery will be granted. In addition, Plaintiff sets forth a pattern by Defendant of not seeking to schedule expert depositions until 10 days before the deadline as follows:

(1) Defense counsel did not contact Plaintiff's counsel regarding expert

2

depositions until a December 19, 2006 letter, when the deadline was December 29, 2006. Although Plaintiff's counsel left a telephone message with Defense counsel on December 19, 2006, indicating that he was available for a deposition in late December, defense counsel did not return the telephone call and instead chose to file a motion to extend the time for taking depositions.

(2) Defense counsel did not contact Plaintiff's counsel regarding expert depositions until January 9, 2006, when the deadline was January 19, 2007.

One of Plaintiff's experts was scheduled for a follow-up deposition on January 15, 2007, which presumably has occurred, but the other expert deposition was not scheduled. In addition, Defense counsel has not attempted to arrange a date for deposing Plaintiff's expert and does not indicate in the motion any such proposed date for the deposition. Instead, Defendant requests that the time for scheduling the deposition be extended to no later than February 9, 2007.

We will grant Defendant's motion to extend the time to take the deposition of Plaintiff's expert, Steven Millwee, under the following conditions. No later than 12:00 p.m. on January 18, 2007, Plaintiff's counsel shall provide to Defense counsel three proposed dates for the deposition. Defendant may choose to limit all three proposed dates to dates on or before February 9, 2007, or Defendant may choose to propose a date after February 9, 2007, but in no event shall a proposed date be later than February 28, 2007. Defense counsel shall choose one of the proposed dates for the deposition and notify Plaintiff's counsel not later than 12:00 p.m. on January 19, 2007, of the accepted deposition date. If Defense counsel is unable to agree on one of the three proposed deposition dates, Defendant may forfeit the opportunity to conduct the deposition.

### Continuance of Post-Discovery Conference

Defendant seeks to reschedule the post-discovery conference because the person with authority to settle the case, in-house counsel for Defendant, is scheduled to be in Mexico to attend the Pennsylvania Bar Association's Mid-Year meeting, and because Defendant will be in a better position to assess settlement after Plaintiff's expert has been deposed. We note that we scheduled this conference on December 20, 2006, yet Defendant waited 26 days before indicating that in-house counsel was unable to attend the conference.

3

Settlement discussions are only one of several matters to address at the post-discovery conference. To reschedule the conference at this point would appear to serve no useful purpose and only serve to delay resolution of this case. As noted, Defendant has already filed a motion for summary judgment contending that there is no genuine issue of material fact that Plaintiff cannot set forth a claim against Defendant as a matter of law. Because this motion was prematurely filed we have yet to order Plaintiff to respond to the motion. We thus find it difficult to believe that Defendant is seriously considering settlement of this action while their summary judgment motion remains unresolved. To the extent that Defendant is seriously considering settlement of this action, which we encourage, in-house counsel, as an attorney in this matter, shall ensure that she is available for consultation by telephone from Mexico. Accordingly, we will deny Defendant's motion to reschedule the post-discovery conference.

### Conclusion

The pattern of communication that has developed between counsel is troubling. In the Court's opinion a conference is needed simply to ensure that counsel will improve their communication in the future. To that end we will also order that the parties consult with each other prior to the January 23, 2007 post-discovery conference to agree on dates as indicated in our December 20, 2006 Order, specifically Paragraph 4. To assist counsel we have attached as Appendix A, a draft Final Case Management Order with blanks for counsel to fill in and present to the Court at the post-discovery conference.

In addition, Defendant did not seek an extension of time for the filing of Defendant's expert reports (due January 19, 2007) or for the taking of depositions of Defendant's experts (completed by January 29, 2007). To the extent that either party seeks to alter these dates, counsel shall confer with each other to reach agreement on any extensions of time and to agree upon deposition dates. Counsel shall be prepared to orally present any motions to extend the time for expert discovery at the January 23, 2007 post-discovery conference.

The following Order is hereby entered.

4

AND NOW, to-wit, this _____17ᵗʰ_____ day of _Jan._, 2007, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Amend Case Management Order is hereby GRANTED in part and DENIED in part as follows:

1.  Defendant's Motion to Reschedule the post-discovery Scheduling Conference set for <u>Tuesday, January 23, 2006</u> at <u>11:00 a.m.</u> in <u>Courtroom A, Federal Courthouse, Second Floor, Erie, Pennsylvania</u> is hereby DENIED. The parties shall comply with the Court's December 20, 2006 Order of Court setting the post-discovery conference and in addition shall confer before the conference to discuss and complete the attached draft Final Case Management Order. In-house counsel for Defendant shall ensure that she is available for consultation by telephone from Mexico to the extent that her participation is necessary for settlement.

2.  Defendant's Motion to Extend the time to take the deposition of Plaintiff's expert, Steven Millwee, is hereby GRANTED as follows:

    a.  No later than 12:00 p.m. on January 18, 2007, Plaintiff's counsel shall provide to Defense counsel three proposed dates for the deposition.
    b.  Defense counsel shall choose one of the proposed dates for the deposition and notify Plaintiff's counsel not later than 12:00 p.m. on January 19, 2007, of the accepted deposition date.
    c.  If Defense counsel is unable to agree on one of the three proposed deposition dates, Defendant may forfeit the opportunity to conduct the deposition.
    d.  Defendant may choose to limit all three proposed dates to dates on or before February 9, 2007, or Defendant may choose to propose a date after February 9, 2007, but in no event shall a proposed date be later than February 28, 2007.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:    Counsel of Record