IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE W. WAKEFIELD, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05 CV 79 – Erie |
| | ) | |
| v. | ) | Honorable Maurice B. Cohill, Jr. |
| | ) | |
| JOY MINING MACHINERY COMPANY, a division of Harnischfeger Industries, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | ***Electronically Filed*** |
| Defendant | ) ) ) | |

**REPLY BRIEF IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Joy Mining Machinery ("Joy") files this Reply Brief in Support of its Motion for Summary Judgment in specific response to matters asserted and arguments made by Plaintiff.

**I.    Summary Judgment Should Be Entered in Favor of Joy Because Plaintiff Cannot Prove Her Prima Facie Case of Co-Worker Sexual Harassment.**

Plaintiff has admitted that her only remaining claim in this action is one pursuant Title VII for alleged sexual harassment by a co-worker (See Plaintiff's Response to Joy's Concise Statement of Material Facts at ¶ 4; Plaintiff's Memorandum of Law in Opposition to Joy's Motion for Summary Judgment at p. 6). Plaintiff also agrees that she must establish the following elements of this claim:

- that Joy knew or should have known of the harassment; **and**

- that Joy failed to take prompt and appropriate remedial action.

Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir.) (emphasis added), cert. denied, 528 U.S. 964, 120 S. Ct. 398, 145 L. Ed. 2d 310 (1999). Plaintiff has failed to demonstrate that she can prove either of these elements at trial.

### a. Plaintiff Cannot Prove that Joy Knew or Should Have Known of the Alleged Harassment Before She Made Her Report in March and June of 2003

Plaintiff does not argue that Joy knew of Mr. Meade's alleged harassment of Plaintiff before Plaintiff decided to report such alleged harassment in March and June 2003. The evidence of record, in fact, reveals no such knowledge until Plaintiff made her reports in March and June 2003. Without evidence of actual notice, such as witnessing the alleged harassment, or evidence that she reported such alleged harassment, Plaintiff resorts to arguing that Joy somehow should have known that Mr. Meade would have harassed Plaintiff.

Plaintiff bases her argument that Joy knew or should have known of the harassment only upon prior alleged instances of harassment by Mr. Meade. In order for prior incidents of harassment to be considered as evidence of the employer's knowledge of harassment at issue and to raise a genuine issue of material fact, the prior conduct must be both similar in nature and near in time to the alleged harassment of the plaintiff. See McGuire v. Kansas Juvenile Justice Authority, 2001 U.S. Dist. LEXIS 12973, * 27 (D. Kan. July 10, 2001). See also Diaz v. Rent-a-Center, 2004 U.S. Dist. LEXIS 18170, * 6-7 (E.D. Pa. Sept. 8, 2004) (citation omitted) (plaintiff must show nexus between discrimination directed at him or her and that directed at others).

In addition, where a plaintiff attempts to prove a hostile working environment through prior incidences of harassment, such plaintiff must have been **aware** of the prior instances at the time she or he was allegedly harassed. See Diaz, 2004 U.S. Dist. LEXIS at * 6-8 (reliance upon others' experiences "impermissible absent a showing that the individual plaintiff witnessed or

2

had knowledge of the other actions"); DiIenno v. Goodwill Industries of Mid-Eastern Pennsylvania, 1991 U.S. Dist. LEXIS 19786, * 4-5 (E.D. Pa. Dec. 12, 1997) (after alleged incident of harassment involving plaintiff, plaintiff spoke to another employee who told plaintiff she had been similarly harassed; court declined to discuss prior instances of harassment since plaintiff had "no detailed knowledge of them" at the time she alleged she was harassed).

According to Plaintiff, the alleged incident involving Eleanor Averill occurred in the early 1980's, which is approximately 20 years prior to the incidents Plaintiff alleges in this matter. This alleged instance is too remote in time from the alleged instances Plaintiff claims occurred in this action to be considered by this Court as evidence either: (1) notice to Joy, or (2) evidence of a hostile working environment. See Stair v. Lehigh Valley Carpenters Local Union No. 600, 813 F. Supp. 1116, 1119, 1120 (E.D. Pa. 1993) (court refused to consider evidence of prior incidences of harassment that occurred 4 years earlier than the first incident at issue in plaintiff's case, since probative value was substantially outweighed by danger of unfair prejudice due to remoteness in time to acts before court); Caldwell v. Leavitt, 378 F. Supp.2d 639, 657, n.21 (M.D. N.C. 2005) (court refused to consider evidence involving prior harassment that occurred 5 years earlier than when plaintiff alleged she was harassed); Zupan v. State of Illinois, 1999 U.S. Dist. LEXIS 7776, * 21 (N.D. Ill. Mar 31, 1999) (even if employer had reason to know of past complaints, such awareness "would not be enough to impute constructive knowledge of [the plaintiff's] harassment" since the gap in time between the earlier complaints and plaintiff's alleged harassment spanned 18 years).

Moreover, despite Ms. Averill's testimony to the contrary, the record demonstrates that Ms. Averill never reported this incident. According to her supervisor, Howard Horton, Ms. Averill never complained to him or reported any alleged sexual or unwelcome conduct by Mr.

3

Meade (See Affidavit of Howard Horton ("Horton Affidavit") at ¶¶ 1-6, attached to Joy's Response to Plaintiff's "Other Material Facts" at Tab 24).[1]

With respect to the alleged incidents involving Jill Seyler, such incidents were never reported to anyone within Joy's human resources department (See Deposition of Jill Seyler ("Seyler Deposition") at p.11:l.4-12, p.23:l.2-5), attached as Plaintiff's Exhibit "E"). Plaintiff states that Ms. Seyler "made her supervisor aware of Larry Meade's unwelcome conduct in passing"[2] and that Ms. Seyler "told one of her co-workers that if Mr. Meade came to her desk one more time, she was going to report him to HR" (See Plaintiff's Memorandum of Law at p 8). Ms. Seyler did not specifically tell her supervisor what kind of attention she was getting (Seyler Deposition at p.22:l.9-22). Moreover, Ms. Seyler's supervisor specifically denies having received any complaints from Ms. Seyler regarding Mr. Meade's alleged conduct (See Affidavit of Dan Blauser, attached to Joy's Response to Plaintiff's "Other Material Facts" at Tab 25). This does not constitute adequate notice to Joy of sexual harassment. See Guy v. Day Products, Inc., 1995 U.S. Dist. LEXIS 17620, * 20 (E.D. Pa. Nov. 29, 1995) (plaintiff's claim failed under Third Circuit's negligence analysis where plaintiff failed to complain to anyone in a position to address her concerns and did not give the corporate defendant a chance to address her concerns); Episcopo v. General Motors Corp., 2005 U.S. Dist. LEXIS 2558, * 12 (7th Cir. Feb. 7, 2005) (same); McGuire, 2001 U.S. Dist. LEXIS at * 16-18 (plaintiff must present evidence that she gave employer enough information to make a reasonable employer think there was a probability

---

[1] In fact, Mr. Horton never received any complaints of harassment by any Joy employee while he worked at Joy. See Horton Affidavit at ¶ 7.

[2] Ms. Seyler testified that she did not report the conduct to HR or to her supervisor, but just mentioned it in passing because it "wasn't that big a deal" (Seyler Deposition at p 23:l.2-11).

that she was being harassed); Zimmerman v. Cook County Sheriff's Department, 96 F.3d 1017, 1019 (7th Cir. 1996), reh'g denied, 1996 U.S. App. LEXIS 29188 (7th Cir. Nov. 6, 1996) (same).

Moreover, to the extent that Plaintiff is attempting to use either alleged incident to support her burden of proving a hostile working environment, this Court should not consider such alleged instances, since Plaintiff has not established that she was aware of either incident at the time she alleges she was harassed by Mr. Meade. Plaintiff alleges in her Memorandum of Law that Mr. Meade had a "reputation" in Joy's engineering department as being a "dirty old man". Notably, Bob Dahle testified in explaining notes of his interview by Johan Maritz (attached as Tab "I" to Plaintiff's exhibits) that "just one person" in the engineering department referred to Mr. Meade as a "dirty old man" (See Excerpts of Robert Dahle's Deposition, p.10:1.14-25, p.11:1.1-2, at Tab 26 to Joy's Response to Plaintiff's "Other Material Facts"). Plaintiff also alleges that employees in Joy's cafeteria accused Mr. Meade of unwelcome conduct, including massaging their necks, citing Jill Seyler's deposition testimony and Mr. Meade's deposition testimony that it "possibly" could have occurred but that he did not remember it happening. Plaintiff has no direct evidence that such conduct actually occurred or that any such cafeteria worker ever reported such alleged unwelcome conduct to anyone at Joy. Even considering this argument, Plaintiff has not argued, and the record does not establish, that Ms. Wakefield was aware of this alleged "reputation" prior to the time she was allegedly harassed by Mr. Meade.

### b. Plaintiff Cannot Prove that Joy Failed to Take Prompt and Effective Remedial Action After She Reported the Alleged Harassment

Plaintiff also does not and cannot dispute that Joy responded to Plaintiff's complaints by taking corrective action which **ended** the alleged harassment and that, as a result, there cannot be

Title VII liability. See Kunin v. Sears Roebuck and Co., 175 F.3d 289, 294 (3d Cir. 1999); Andreoli v. Gates, 2007 U.S. App. LEXIS 8015, * 5, n. 2 (3d Cir. Apr. 6, 2007) (both cited by Plaintiff in her Memorandum of Law at pp. 12 and 6-7, respectively).[3] The record evidence clearly demonstrates that an investigation began on the very day Ms. Wakefield complained to Joy; that Mr. Meade was advised on that day that Plaintiff made her complaint (March 14, 2003), and that he was not to have any contact with Plaintiff (Maritz Deposition at p.17:1 3-23), Plaintiff did not have any further contact or problems with Mr. Meade (Plaintiff Deposition at p.175:1.16-24, p.216:1.2-8, p.239:1.11-14). Joy was fully complaint with its obligations under Title VII to take remedial action upon notice of the harassment. Plaintiff's allegation that she merely saw Mr. Meade at work in June and July of 2003, resulting in her being "further traumatized," does not in itself negate the fact that no alleged further **harassment** took place after March 2003 when Joy learned of the alleged harassment and took steps to end it. Plaintiff cannot prove that Joy's action was ineffective merely because her **reaction** to the alleged earlier harassment continued.

Moreover, Plaintiff's argument that Joy somehow cannot have taken appropriate remedial action because it had an allegedly inadequate harassment policy[4] and permitted Mr. Meade to harass Plaintiff in the first instance is unavailing. First, Plaintiff cites no case law or other authority to support this argument. Furthermore, this argument is contrary to the controlling case

---

[3] The court in Andreoli also noted that the Third Circuit has "found an employer's actions to be adequate, as a matter of law, there management undertook an investigation of the employee's complaint within a day after being notified of the harassment, spoke to the alleged harasser about the allegations and the company's sexual harassment policy, and warned the harasser that the company does not tolerate any sexual comments or actions." 2007 U.S. App. LEXIS at * 5 (citing Knabe v. Boury Corp., 114 F.3d 407 (3d Cir. 1997)). Andreoli is distinguishable from the case before the Court in that the plaintiff in that case complained to her supervisors when the alleged harassment began, but such supervisors ignored her complaint and failed to act. 2007 U.S. App. LEXIS at * 8.

[4] Specifically, Plaintiff's argument that Joy's "policy" is inadequate because it only requires action by the employer if the alleged misconduct is witnessed by a third party is incorrect. There is no language in Joy's Harassment Policy which was applicable to the Franklin facility (See Joy's Response to Plaintiff's "Other Material Facts" at Tab 10) that even suggests the theory proposed by Plaintiff. Moreover, the other documents Plaintiff suggests comprise the Harassment Policy of Joy Mining as applicable in Franklin, Pennsylvania also do not contain any such language (See Affidavit of Johan Maritz, attached to Joy's Response to Plaintiff's "Other Material Facts" at Tab 23).

law cited above and recognized by Plaintiff that absolves an employer of Title VII liability where the employer's action stopped the harassment. Plaintiff has not pointed to any language in these or other cases decided in the Third Circuit or elsewhere that creates an exception to this clear statement of binding precedent based upon the employer's harassment policy or otherwise.

In addition, such argument suggests that Joy somehow should have known Mr. Meade would harass Plaintiff because Mr. Meade had allegedly harassed others in the past.[5] As provided above, there is no dispute in the record that Jill Seyler made no formal complaint to anyone at Joy regarding any alleged harassment by Mr. Meade. The evidence that she told her supervisor "in passing" that she was getting attention from Mr. Meade and allegedly telling her co-worker that she would report Mr. Meade if he came to her desk again does not constitute adequate notice. Also, even if Joy had been made aware of the alleged earlier incident involving Ellie Averill, Joy was not properly notified of any further incidences involving Mr. Meade between the early 1980's and the time of Plaintiff's complaint in 2003. Therefore, Joy had no reason to believe that Mr. Meade would engage in harassing conduct as to Plaintiff until Plaintiff complained. Notably, "[a]bsent of reason for suspicion, an employer is not required to engage in 'an Orwellian program of continued surveillance.'" Jeffries v. State of Kansas, 147 F.3d 1220, 1230 (10th Cir. 1998) (citation omitted).

Plaintiff has misconstrued the requirement of prompt and effective remedial action with respect to the actions Joy took regarding the alleged harassment she reported in 2003. Plaintiff claims that prompt and remedial action in this case would have been the "protection" of its female employees and "prevention" of Mr. Meade's conduct as to Plaintiff. Such requirement, however, is triggered <u>after</u> the employer knew or should have known of the harassment at issue,

---

[5] Plaintiff later argues in her Memorandum of Law that the alleged sexual harassment of Plaintiff was "foreseeable and preventable" (Memorandum of Law at p. 11).

7

not before. See Kunin, 175 F.3d at 293-94 (liability exists where the defendant *knew or should have known of the harassment and failed to take prompt remedial action*) (emphasis added).

    **II.**    **Summary Judgment Should be Entered in Favor of Joy Since The Record Evidence Demonstrates That The Conduct of Which Plaintiff Complains Was Not Severe Nor Pervasive Enough to Constitute Harassment Under Title VII**

Even considering the additional alleged instances of harassment by Mr. Meade upon which Plaintiff relies, such instances still fall short of what courts in this, and other, circuits have held rises to the level of actionable harassment under Title VII. In order to survive summary judgment, Plaintiff "must present evidence from which a reasonable jury could conclude that the harassment was sufficiently 'severe or pervasive' to affect a term, condition, or privilege of the plaintiff's employment." Harris v. Forklift Sys, Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993). In order to determine whether alleged discrimination is sufficiently "pervasive", a court is to consider all of the circumstances of the plaintiff's employment, including the frequency and severity of the discriminatory conduct, the physically threatening, humiliating or offensive nature of such conduct and the effect such conduct has upon the plaintiff, including the plaintiff's performance and psychological well-being. Harris, 510 U.S. at 23.

In its Brief in Support of its Motion for Summary Judgment, Joy has cited numerous cases, including four cases decided by the Eastern District of Pennsylvania, involving similar and even more egregious factual allegations of harassment, in which courts have held that such allegations were not severe or pervasive enough to constitute actionable harassment. Taking the evidence in the most favorable light to Plaintiff, the instances she addresses do not constitute more "pervasive" or "severe" conduct than the actions before the courts in the cases Joy cited.

In fact, Plaintiff makes no effort to distinguish her case from those cited. Plaintiff argues, instead, that the cases Joy cites are non-binding and non-precedential. In addition, these and

other similar cases have been considered and cited by numerous other courts across the circuits in support of orders entering summary judgment in favor of defendant-employers. Therefore, the Court may properly consider the cases cited as persuasive authorities upon which to base its decision. See Welsh v. Male, 2007 U.S. Dist. LEXIS 20267, * 15, n.8 (E.D. Pa. Mar. 21, 2007) (court did not cite cases as binding authority, but found that their facts and analysis guided the court as persuasive authority) (citing, e.g., United States v. Thornton, 306 F.3d 1355, 1358, n.1 (3d Cir. 2002) (citing four unpublished, non-precedential opinions from other circuits as persuasive authority)).

Plaintiff then relies heavily upon the Third Circuit's decision in Spain v. Gallegos, 26 F.3d 439 (3d Cir. 1994), in support of her argument that the facts of this case are severe and pervasive enough to constitute actionable harassment under Title VII. Spain, however, is distinguishable from the case before this Court in that it involved an "atypical sexually hostile work environment claim." In Spain, the alleged wrongful conduct did not include the "type of blatantly sexist behaviors that is frequently the hallmark of such claims." Id. at 447. Rather, the plaintiff claimed that her work environment was affected in a profound way in that she was subjected to the spreading of false rumors that she and her superior were involved in a sexual relationship which "impugned the integrity of her job performance", that co-workers "treated her like an outcast", that the rumors "led supervisory personnel to evaluate [her] negatively for advancement purposes", that her superior exacerbated and perpetuated the situation by continuing the conditions under which the rumors developed even after plaintiff asked him to stop and that she was denied a promotion based upon the rumors and resulting effects of the rumors upon her co-workers and her evaluation by her supervisors. 26 F.3d at 447-48.[6]

---

[6] Spain is also distinguishable in that management personnel did not take remedial action to eliminate the rumors the plaintiff faced. 26 F.3d at 451.

9

It was the "atypical" nature of the facts alleged that led the court in <u>Spain</u> to point out that an employee can prove a hostile work environment "without proving blatant sexual misconduct." <u>Spain</u>, 26 F.3d at 447. Plaintiff attempts to use this quoted language from <u>Spain</u> to somehow absolve herself of proving that the conduct she alleges is sufficient to prove a claim under Title VII and, thus, survive summary judgment. Notably, the <u>Spain</u> court held that, considering all the circumstances, and **given [the plaintiff's] unique allegations**, she should be allowed the opportunity to prove her claims regarding the sexually hostile work environment she allegedly faced." 26 F.3d at 451 (emphasis added). Plaintiff here alleges a more "typical" sexual harassment claim. Therefore, <u>Spain</u> does not offer Plaintiff support for her argument that summary judgment should be denied.[7]

Finally, Plaintiff argues throughout her Memorandum of Law that Joy relies upon a "misguided interpretation of the facts" in support of its motion for summary judgment. It should be noted, however, that Plaintiff's Memorandum of Law contains numerous mischaracterizations of testimony to Plaintiff's benefit. For example, Plaintiff did not state in her deposition that Mr. Meade "grabbed" her buttocks (See Plaintiff Deposition at p.114:l.13-p.116:l.8, cited by Plaintiff in her Memorandum of Law at p.2). Plaintiff also did not testify that Mr. Meade "cornered" her in the restroom (See Plaintiff Deposition at p.87:l.21-p.89:l.23; Plaintiff's Memorandum of Law at p.2). These words are Plaintiff's counsel's words, not Plaintiff's. Plaintiff's counsel also uses various words such as "repeatedly" and "continually" to describe the frequency of Mr. Meade's alleged conduct when no such testimony appears in Plaintiff's deposition (See Plaintiff

---

[7] It should also be noted that, on remand from the Third Circuit, following a non-jury trial, Judge Bloch of the Western District of Pennsylvania found that the conduct the plaintiff faced was neither regular nor pervasive and that the rumor of a sexual relationship was intermittent or periodic, even though the plaintiff alleged that the rumor was circulating for several years. <u>Spain v. Gallegos</u>, 1994 U.S. Dist. LEXIS 20013, *5, 14 (W.D. Pa. Aug. 2, 1994). The court, therefore, concluded that the plaintiff failed to establish that she was subjected to a sexually hostile work environment and entered judgment in favor of the employer. <u>Spain</u>, 1994 U.S. Dist. LEXIS at *14-15.

10

Deposition at p.97:1.17-29 - nothing regarding Plaintiff "repeatedly" telling Mr. Meade she did not want to go to the cemetery; Plaintiff Deposition at p.92:1.6-19 - nothing regarding Mr. Meade "repeatedly" telling Plaintiff how pretty she was or that she would look good in a bikini; Plaintiff Deposition at p. 96:1.20-22 – nothing regarding Mr. Meade "repeatedly" inviting Plaintiff to go to Florida with him or regarding Plaintiff "continually" telling Mr. Meade she did not want to go) (See Plaintiff's Memorandum of Law at pp. 2-3, 16).

### III. Conclusion

Because no genuine issue of material fact exists as to whether Plaintiff can establish the elements of her *prima facie* case - that Joy knew or should have known of the alleged harassment, that Joy failed to take prompt and effective remedial action and that the alleged unwelcome conduct rises to the level of actionable sexual harassment under Title VII - summary judgment should be entered in favor of Joy.

Respectfully submitted,

*/s/ Pamela G. Cochenour, Esquire*
PAMELA G. COCHENOUR, ESQUIRE
Pa. I.D. #47761
ERIC P. REIF, ESQUIRE
Pa. I.D. #00194
PIETRAGALLO BOSICK & GORDON LLP
Firm #834
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** will be forwarded via the ECF system to counsel of record listed below this **11th** day of **May, 2007**:

        Alexander H. Lindsay, Jr., Esquire
        The Lindsay Law Firm, P.C.
        128 South Main Street
        Butler, PA 16001

        */s/ Pamela G. Cochenour, Esquire*
        PAMELA G. COCHENOUR, ESQUIRE
        Pa. I.D. #47761

        PIETRAGALLO BOSICK & GORDON LLP
        Firm #834
        The Thirty-Eighth Floor
        One Oxford Centre
        Pittsburgh, PA 15219
        (412) 263-2000