# Exhibit C

Case 1:05-cv-00079-MBC    Document 51-5    Filed 05/21/2007    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE W. WAKEFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civ. No. 05-79 Erie |
| | ) |
| JOY MINING MACHINERY | ) |
| COMPANY, a division of Harnischfeger | ) |
| Industries, | ) |
| | ) |
| Defendant | ) |
| | ) |

FINAL CASE MANAGEMENT ORDER

AND NOW, to-wit, this 23nJ day of January, 2007,

IT IS ORDERED that the above-captioned civil action shall proceed under Local Rule 16.1 of this Court, for pretrial proceedings. All provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shalt confer with their clients prior to all case management, status or pretrial conferences in order to obtain authority for the purposed of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

1.  The parties shall file motions for the judgment on the pleadings, for summary judgment or to dismiss, if appropriate, on or before March 27. 2007. All such motions shall be accompanied by a brief. Responses to such motions shall be accompanied by briefs and shalt be filed within thirty days. Any reply briefs shall be due (15) days thereafter. All motions for summary judgment and responses

Case 1:05-cv-00079-MBC    Document 39 Filed 01/23/2007    Page 2 of 4

shall be accompanied by a, separate filed Concise Statement of Material Facts or Responsive Concise Statement of Material Facts as provided in L.R. 56.1.

2. In addition to the concise statements of material facts required by L.R. 56.1. on or before <u>May 12. 2007,</u> the movant shall file a *joint* concise statement of material facts. The opposing party shall cooperate with the movant in preparing the joint concise statement of material facts. This joint concise statement shall combine the movant's concise statement of material facts with the responsive concise statement, i.e., movant shall combine its separately numbered paragraph (1) with the response to that same numbered paragraph in the revised separately numbered paragraph (1). The joint concise statement shaH be prepared so that the response to each separate numbered paragraph is readily identifiable as a response an not part of the movant's submission.

3. If the parties do not file motions for judgment on the pleadings, for summary judgment, or to dismiss, plaintif.fs pretrial narrative statement shalt comply with L.R. 16.1.4A and be filed on or before <u>N/ A</u> . Counsel shall specifY the material facts, including damages, to be proved at trial upon objection or by the Court *sua sponte*.

4. If such dispositive motions are filed, and they are denied, plaintiffs nanative statement shall comply with L.R. 16.1.4A and be filed within forty-five days after the Court's decision. Counsel shall specify the material facts, including damages, to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte.*

5. Defendant's pretrial narrative statement shall comply with L.R. 16.1.4B and be filed within thiny days of the filing of plaintiffs pretrial statement. Counsel shall specify the material facts. including damages. to be proved at trial. Proof of material facts nOl specified may be excluded at trial upon objection by the Court *sua sponte.*

6. Within thirty days of the filing of defendant's pretrial statement. counsel for any third-party defendant shall file a brief 11.amtive statement meeting the requirements of L.R. *16.1.4C.*

7. If requested by the parties, the Court wilt schedule a status conference at the convenience of the Court 2nd that parties.

8. If the case is not decided on dispositive motions, the case shall be called for trial in t>~ 'U»7. Counsel are instructed to review the provisions of L.R. 16.1.

9. The court shall schedule a pretrial conference at a later date.

10. Subsequent to lhe pretrial conference, counsel for all parties may be ordered by the Court to meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved.

II. It is estimated that trial will take -L days.

12. Any exhibit which has not been identified by counsel in a pretrial narrative statement, except an exhibit to be used solely for impeachment purposes. shaH not be admitted as evidence.

3

Case 1:05-cv-00079-MBC    Document 39    Filed 01/23/2007    Page 4 of 4

13. AIly depositions or any portion thereof to be read into evidence shall be identified at the pretrial conference. Objections to the admissibility of any portion thereof shaH not include video taped qualifications of experts.

*~b'":" 6.~~*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of Record