IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE W. WAKEFIELD, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05 CV 79 – Erie |
| | ) | |
| v. | ) | Honorable Maurice B. Cohill, Jr. |
| | ) | |
| JOY MINING MACHINERY | ) | JURY TRIAL DEMANDED |
| COMPANY, a division of Harnischfeger | ) | |
| Industries, | ) | |
| | ) | ***Electronically Filed*** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS

Plaintiff, Valerie W. Wakefield ("Plaintiff") has filed a Motion to Strike Affidavits Submitted by the Defendant After the Close of Discovery. Defendant, Joy Mining Machinery ("Joy"), hereby files its response in opposition to such Motion, as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On March 27, 2007, Joy filed its Motion for Summary Judgment and related pleadings with this Court arguing, *inter alia*, that judgment should be entered in favor of Joy because Plaintiff cannot establish essential elements of her *prima facie* case, including that Joy knew or should have known of the alleged harassment by Mr. Meade of Plaintiff.[1]

---

[1] Plaintiff must establish, *inter alia*, that Joy knew or should have known of the harassment in order to satisfy her *prima facie* case of co-worker sexual harassment. Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir.), cert. denied, 528 U.S. 964, 120 S. Ct. 398, 145 L. Ed. 2d 310 (1999).

2. Thereafter, on April 26, 2007, Plaintiff filed her response to Joy's Motion for Summary Judgment, including her Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

3. In the Memorandum of Law and in support of her argument that Joy knew or should have known of the alleged harassment by Mr. Meade of the Plaintiff, Plaintiff relies on two prior alleged instances involving Mr. Meade with two different individuals: Eleanor Averill and Jill Seyler.

4. On May 11, 2007, Joy filed its Reply Brief in Support of Motion for Summary Judgment, responding to the arguments and evidence raised by Plaintiff in her opposition papers.

5. Specifically, in response to Plaintiff's allegations regarding the alleged prior instances involving Mr. Meade and Ms. Averill and Ms. Seyler, Joy submitted:

- the Affidavit of Ms. Averill's supervisor, Howard Horton, who attests that Ms. Averill never reported any alleged incident of harassment involving Mr. Meade to him; and

- the Affidavit of Ms. Seyler's supervisor, Daniel Blauser, who attests that Ms. Seyler never told him of the kind of attention she was allegedly receiving from Mr. Meade and never received any complaint from Ms. Seyler regarding Mr. Meade (See Horton and Blauser Affidavits).

6. Plaintiff deposed Ms. Averill on September 21, 2006.

7. During her deposition, Ms. Averill testified that she reported the alleged incident involving Mr. Meade to her "boss" Howard Horton and that Mr. Horton told her he would take care of it (Deposition of Eleanor Averill at p.7:17-p.8:12, attached hereto as Exhibit 1).

8. At no time during discovery or after Ms. Averill's deposition did Plaintiff seek to depose Mr. Horton.

9. Plaintiff also deposed Ms. Seyler on September 21, 2006.

10. During her deposition, Ms. Seyler testified that she mentioned in passing to her "boss" Dan Blauser that she was getting attention from Mr. Meade and that it was laughable and "wasn't that big a deal" (Deposition of Jill Seyler at p.22:l.9-19, p.23:l.8-13, attached hereto as Exhibit 2).

11. Plaintiff also made no effort at any time during discovery or after Ms. Seyler's deposition to depose Mr. Blauser.

12. The Blauser Affidavit was produced to Plaintiff on or about April 18, 2007: a week <u>before</u> her response to Joy's Motion for Summary Judgment was due to be filed.

13. Plaintiff has now filed a Motion to Strike the Horton and Blauser Affidavits, arguing that such Affidavits should be stricken because they were filed after the close of discovery and the Court's post-discovery scheduling conference and because such Affidavits are, she argues, improper and prejudicial.

14. Joy submits that the Horton and Blauser Affidavits were properly filed pursuant to F.R.C.P. 56 in conjunction with its Reply Brief in Support of Motion for Summary Judgment and were obtained in response to the very arguments raised and evidence set forth by Plaintiff in opposition to Joy's Motion for Summary Judgment.

**ARGUMENT**

**The Court Should Deny Plaintiff's Motion to Strike the Horton and Blauser Affidavits**

15. Notably, Plaintiff cites no statutes, case law, rule of civil procedure, or other precedent in support of her argument that the Affidavits should be stricken.

16. Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1),

3

or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing."

17. The Third Circuit has held that " 'the exclusion of critical evidence is an "extreme" sanction, not normally . . . imposed absent a showing of willful deception or "flagrant disregard" of a court order by the proponent of the evidence.' " Capital Funding, VI, LP v. Chase Manhattan Bank USA, N.A., 191 Fed. Appx. 92, 96, 2006 U.S. App. LEXIS 17262, * 8 (3d Cir. Feb. 2, 2006) (quoting In re Paoli R.R. Yard PCB Litig., 35 F. 3d 717, 791-92 (3d Cir. 1994) (citation omitted)).

18. The record evidence is clear that Joy had "substantial justification" for not submitting the Affidavits earlier in this case: they did not exist. See Fed. R. Civ. P. 37(c)(1).

19. Joy submitted the Horton and Blauser Affidavits in support of its Reply Brief, which was, and could only have been, prepared after and in response to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and the arguments made and evidence set forth therein.

20. In addition, Plaintiff cannot establish that she was prejudiced by the disclosure of such Affidavits, since she and her counsel were well aware of the possible importance of testimony from Mr. Horton and Mr. Blauser and could have deposed them along with the 13 other employees she noticed and deposed.[2]  See Capital Funding, 191 Fed. Appx. At 96, 2006 U.S. App. LEXIS at * 8 (plaintiff could not establish it was prejudiced by non-disclosure of affidavit since it was well aware of possible importance of testimony and had ample opportunity to depose appropriate employees or officers of company).

---

[2] Notably, Mr. Horton has not been employed at Joy since 1988 (See Horton Affidavit) and, therefore, was as equally available to the Plaintiff as he was to Joy.

4

21. Moreover, Rule 56 of the Federal Rules of Civil Procedure specifically permits defendants to file affidavits in support of motions for summary judgment. See Fed. R. Civ. P. 56(b) ("[a]party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor ...").

22. Rule 56 also provides that summary judgment

> **shall** be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, **together with the affidavits**, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c) (emphasis added). See also Bouriez v. Carnegie Mellon Univ., 2005 U.S. Dist. LEXIS 18324, * 25 (W.D. Pa. Aug. 26, 2005) ("[t]he Federal Rules of Civil Procedure provide that 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...' can be considered when deciding a motion for summary judgment") (quoting Fed. R. Civ. P. 56(c)).

23. Rule 56 does not prohibit a defendant from filing a supporting affidavit along with its reply brief in support of its motion for summary judgment.

24. Therefore, there is nothing in the rule governing motions for summary judgment that would support Plaintiff's Motion to Strike the Blauser and Horton Affidavits and, in fact, such rule supports Joy's filing of such Affidavits. See Moss v. Potter, 2005 U.S. Dist. LEXIS 17505, * 6 (W.D. Pa. Aug. 22, 2005) ("One of the most common forms of evidence used on a summary judgment motion is affidavits ... in support of or in opposition to a Rule 56 motion ...") (quoting Wright, Miller & Kane, 10A Federal Practice and Procedure, § 2722 at 54).

25. Therefore, Joy requests that this Court deny Plaintiff's Motion to Strike the Horton and Blauser Affidavits.

5

WHEREFORE Defendant Joy Mining Machinery respectfully requests that this Honorable Court deny Plaintiff's Motion to Strike the Affidavits of Howard Horton and Daniel Blauser.

Respectfully submitted,

*/s/ Pamela G. Cochenour, Esquire*
PAMELA G. COCHENOUR, ESQUIRE
Pa. I.D. #47761
ERIC P. REIF, ESQUIRE
Pa. I.D. #00194
PIETRAGALLO BOSICK & GORDON LLP
Firm #834
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS** will be forwarded via the ECF system to counsel of record listed below this 8th day of **June, 2007**:

Alexander H. Lindsay, Jr., Esquire
The Lindsay Law Firm, P.C.
128 South Main Street
Butler, PA 16001

*/s/ Pamela G. Cochenour, Esquire*
PAMELA G. COCHENOUR, ESQUIRE
Pa. I.D. #47761

PIETRAGALLO BOSICK & GORDON LLP
Firm #834
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000